

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN       AUSTIN 11, TEXAS
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                       Opinion No. O-2457
                                   Re: Expense account of
                                      Dr. W. B. Veazy

In your letter of June 15, 1940, you request an opinion as
to whether you are authorized to issue a warrant in payment
of an expense account submitted by Dr. W. B. Veazy, an
employee of the State Board and Department of Health. Such
expenses were incurred by Dr. Veazy on a trip made outside
the State of Texas. As advised in our letter to Dr. Cox on
June 15, 1940, Dr. Veazy's trip was for State business pur-
poses. However, your question arises out of the fact that
no letter signed by the Attorney General advising that the
purpose of the proposed trip was, in his opinion, for State
business purposes, had been filed with the Comptroller prior
to the making of the trip and incurring of the expenses.

The question is governed by the General Departmental Appro-
priation Bill, S. B. 427, 46th Leg., which contains the
following provision in the general rider, viz:

"No traveling expenses shall be incurred by any employee
of any of the departments, or other agencies of the Govern-
ment, outside of the boundaries of the State of Texas, except
for State business directly concerning his own department
or agency and no such expenses shall be paid from State
appropriations or out of any local or auxiliary funds by
the State Comptroller to an employee of any agency of the
Government, until and unless a written statement, signed by
the Attorney General, advising that the purpose of the pro-
posed trip, in his opinion, is for said State business
purposes; which written opinion shall have been filed in
advance with the State Comptroller, and signed duplicate
thereof with the disbursing officer of such respective agency
of the Government. This provision shall not apply to trips
to Washington, D.C., made by the Attorney General's Department,
whose business before the United States Supreme Court and
certain Federal Commissions is mandatory, nor to the Adjutant
General when appearing in Washington, D.C., before the War
Department, nor to members or employees of the Railroad Com-

mission attending hearings, conferences, or oral arguments held in other States or Washington, D.C., and involving rates and/or transportation matters."

In respect to the question submitted, the above language quoted from S. B. 427 is plain and unambiguous. We note your statement that the argument is made to you that the word "advance," as used in the rider, means in advance of payment and not in advance of making the trip. However, the language of the Act is too clearly otherwise. It simply admits of no other construction than that out of State expenses must not be incurred until the written statement of the Attorney General has been obtained and filed with the Comptroller advising that the purpose of the proposed trip is for State business purposes. It is unfortunate that the claimant did not obtain the statement before making the trip, but you have no alternative. The warrant cannot legally issue.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Glenn R. Lewis

By

Glenn R. Lewis
Assistant

GRL:BBB

APPROVED JUNE 21, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB Chairman